UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Lawrence L. Whited,** | ) | **CASE NO. 4:25 CV 368** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Warden, FCI Elkton,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

### Introduction

This matter is before the Court upon the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and respondents's Motion to Dismiss (Doc. 6).   For the following reasons, the Petition is DENIED and the Motion to Dismiss is GRANTED.

### Facts

Petitioner Lawrence L. Whited  filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 against respondent Warden, FCI Elkton. Petitioner is incarcerated at Federal Correctional Institution (FCI) Elkton. Petitioner was sentenced in 2019 to a term of 106

1

months after pleading guilty to conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846, and to possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c).

On May 12, 2022, the Bureau of Prisons (BOP) conducted an offense review to determine whether petitioner's offenses precluded him from early release eligibility pursuant to 18 U.S.C. § 3621(e). It was found that his offense conviction for use of a firearm rendered him ineligible for early release upon any future, successful completion of a Residential Drug Abuse Treatment Program (RDAP). (Doc. 6 Ex. 2; Jonathan Kerr Decl.)

This matter is before the Court upon the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner exhausted his administrative remedies.

**Discussion**

Petitioner asserts,

> The Bureau of Prisons (BOP) denied [him] eligibility for early release upon successful completion of the Residential Drug Abuse Treatment Program (RDAP) based on Program Statement P5331.01, which excludes inmates convicted under 18 U.S.C. § 924(c) from early release eligibility. The Supreme Court's decision in *Loper-Bright Enterprises v. Raimondo*,[ 603 U.S. 369 (2024),] eliminated *Chevron* deference, invalidating BOP's reliance on its own program statement instead of the plain language of 18 U.S.C. § 3621(e).

(Doc. 1 at 7). Petitioner states that the sentencing judge recommended that he participate in the RDAP. Petitioner did successfully complete the drug treatment program. Petitioner requests that the Court declare that the BOP's reliance on Program Statement P5331.01 to deny him early release eligibility to be unlawful in light of *Loper-Bright*, and order the BOP to reconsider his eligibility for early release upon successful completion of RDAP without applying the invalidated provisions of P5331.01.

2

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998). While this Petition is properly before the Court, however, respondent is correct that petitioner is not entitled to the relief sought.

In 18 U.S.C. § 3621(e), Congress authorized the BOP to implement drug treatment programs: "... the Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment..." § 3621(e)(2) is entitled "**Incentive for prisoners' successful completion of treatment program**." 18 U.S.C. § 3621(e)(2)(B) states,

> **Period of Custody**. - The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

To implement the statute, the BOP promulgated criteria for determining which prisoners are eligible for early release upon completion of RDAP. BOP Program Statement 5331.02 (2017) **Early Release Procedures Under 18 U.S.C. § 3621(e)** provides that inmates convicted of an "offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" are not eligible for early release. *See also* 28 C.F.R. § 550.55(b) which provides,

> **Inmates not eligible for early release**. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: ... (5) Inmates who have a current felony conviction for: ... (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device).

In 2001, the Supreme Court has held that the BOP has discretion, under 18 U.S.C. §

3

3621(e)(2)(B), to promulgate regulations categorically denying early release to prisoners whose felonies involved use of a firearm. *Lopez v. Davis*, 531 U.S. 230, (2001). Thus, the applicable regulation was found to be permissible.

Petitioner contends that *Loper-Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), precludes the BOP from categorically denying early release to individuals, like himself, who were convicted under 18 U.S.C. § 924(c). In *Loper-Bright*, the Supreme Court held that "courts need not, and under the Administrative Procedure Act (APA) may not, defer to an agency's interpretation of the law simply because a statute is ambiguous." Thus, the court overruled the *Chevron* deference applied to agency interpretations of statutes that were silent or ambiguous as to a certain matter. *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), had held that courts should defer to an agency's reasonable interpretation of a statute that the agency administers. Thus, petitioner maintains, *Lopez, supra*, was decided under the *Chevron* deference and its legal basis has dissolved after *Loper-Bright.* Accordingly, petitioner asserts that the Court must now independently interpret "non-violent offense" and the scope of the BOP's discretion in § 3621(e) consistent with the statute's text and legislative purpose, i.e., in a *de novo* manner without the *Chevron* deference.

Petitioner argues that the plain language of 18 U.S.C. § 3621(e)(2)(B) does not authorize the BOP to categorically exclude individuals with § 924(c) convictions. The statute permits a sentence reduction for "a prisoner convicted of a nonviolent offense" but does not define nonviolent offense or expressly state that those with § 924(c) convictions are ineligible. Only the BOP's regulations serve as the basis for petitioner's exclusion and these regulations impose substantive limitations not explicitly found in, or readily discernible from, the statute's

4

text. Petitioner asserts that this Court must use the tools of statutory construction and determine whether Congress intended for an offense like § 924(c), which often accompanies drug trafficking crimes that RDAP is designed to address, to categorically bar eligibility for a sentence reduction aimed at fostering rehabilitation from drug addiction. It is petitioner's position that the BOP's categorical exclusion oversteps the authority granted by the statute.

Plaintiff also argues that the BOP's exclusion which is no longer valid after *Loper-Bright* violates his due process and equal protection rights.

For the following reasons, the Court agrees with respondent that petitioner is not entitled to the relief sought.

While a court may no longer, after *Loper-Bright,* defer completely to an agency's interpretation of law simply because a statute is ambiguous, the Court agrees with respondent that an agency's interpretation of a statute within its purview is still important persuasive authority. Since that decision, at least one court has found that "even post-*Loper-Bright,* courts should defer to an agency's interpretations when a statute expressly delegates interpretative authority to that agency." *Skanes v. Carter*, 2025 WL 754335, at *5 (D. Md. Mar. 10, 2025).

As discussed above, Congress expressly authorized the BOP to implement drug treatment programs like RDAP and vested the BOP with the discretion to determine whether participation in RDAP warrants early release. 18 U.S.C. § 3621(e)(2)(B). That section used the word "may." Accordingly, to implement the statute, the BOP promulgated criteria for determining which prisoners are eligible for early release as provided in the Code of Federal Regulations and the Program Statement. Because Congress empowered the BOP to exercise its discretion in determining whether an inmate receives early release upon successful

5

completion of a drug treatment program, the Court defers to its statutory discretion even after *Loper-Bright*. Additionally, as respondent points out, there is no constitutional right to be released early from a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1 (1979). Moreover, 18 U.S.C. § 3621(e)(2)(B) makes clear that even eligible non-violent offenders who complete RDAP "may" have their sentences reduced and, therefore, there is no automatic right to be released. Accordingly, petitioner's arguments are unavailing.[1]

For these reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is denied and respondents's Motion to Dismiss is granted.

**Conclusion**

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is denied and respondents's Motion to Dismiss is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:  7/30/25

---

[1] Nor does the Court find petitioner's constitutional arguments persuasive for the reasons stated in respondent's brief. (Doc. 6 at 5-7).